CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
 San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
 San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg @ potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Raul Uriarte-Limon**, <br><br> Plaintiff, <br><br> v. <br><br> **Julissa L. Leyva**; **James Moffat;** <br><br> Defendants. | **Case:** 5:16-CV-00194-JGB-KK <br><br> **Plaintiff's Reply Brief in Support of Motion for Summary Judgment** <br><br> Date:   December 12, 2016 <br> Time:   9:00 a.m. <br> Ctrm:   1 <br><br> Hon. Judge Jesus G. Bernal |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

The evidence presented by Defendant Julissa Leyva ("Defendant") is insufficient to establish a triable issue of fact. Defendant mistakenly claims that ownership of the property is required to be held liable under the ADA. In fact, Title III applies to both owners and operators of public accommodations and not just the landlord of the real property. Moreover, the shift in ownership of the business from a sole proprietorship to an LLC also has no effect on liability. Defendant operated the business as a sole proprietor on the date that Plaintiff visited the restaurant in February 2015, and therefore remains liable for damages. Now, Defendant operates the restaurant as the manager of the LLC and therefore continues to be an operator of the restaurant. Thus, Plaintiff respectfully requests that the Court grant his motion as to both Defendants.

## II. THE ADA APPLIES TO OPERATORS OF PUBLIC ACCOMMODATIONS

Defendant claims that because Defendant never owned the real property on which the restaurant is situated, that Defendant is not a responsible party under the ADA. This assertion demonstrates a misunderstanding of the law.

Under Title III of the Americans With Disabilities Act of 1990, the "general rule" applies to all persons who "owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The Code of Federal Regulations implementing Title III of the ADA states: "**Both** the landlord who owns the building . . . and the tenant who owns or

operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract." 28 C.F.R. § 36.201(b) (emphasis added). The language could not be more clear: both parties are liable for violations (although one party may be able to seek indemnification under contract theory).

In fact, the Technical Assistance Manual to Title III, promulgated by the Department of Justice under the authority of section 506 of the ADA, states the following:

> *Do both a landlord who leases space in a building to a tenant and the tenant who operates a place of public accommodation have responsibilities under the ADA?*
>
> **Both the landlord and the tenant are public accommodations and have full responsibility for complying with all ADA title III requirements applicable to that place of public accommodation**. The title III regulation permits the landlord and the tenant to allocate responsibility, in the lease, for complying with particular provisions of the regulation. However, any allocation made in a lease or other contract is only effective as between the parties, **and both landlord and tenant remain fully liable for compliance with all provisions of the ADA relating to that place of public accommodation**.

Department of Justice, Technical Assistance Manual on the American With Disabilities Act (BNA) §§ III-1.2000 (1994) (emphasis added).

Therefore, the fact that the "maintenance of the parking lot was never express designated as [Defendant's] responsibility" is irrelevant. (Dkt. No. 37-2, p. 2). As the tenant of the property, and operator of the business, Defendant was liable under the ADA responsible for complying with all Title III requirements, regardless of the allocation of responsibility in the lease.

Nor is Defendant's liability affected by the transition of the business from a sole proprietorship to a limited liability company. "An individual defendant may be characterized as the owner or operator of a public accommodation under the ADA." *Coddington v. Adelphi University*, 45 F. Supp. 2d 211, 216 (E.D.N.Y. 1999); see also *Howe v. Hull*, 874 F.Supp. 779, 788 (N.D. Ohio 1994). "[T]he question of whether a person is a proper defendant under the ADA turns not on whether the defendant is a person, partnership, corporation or other entity but, instead, whether the defendant owns, leases or *operates* a place of public accommodation within the meaning of the ADA." *Id*. at 215 (emphasis added). Thus, in determining whether a named defendant "operates" a place of public accommodation, courts have looked at whether that defendant is "in a position of authority and having the power and discretion to perform potentially discriminatory acts." *Id*.

Here, Defendant Julissa Leyva owned the Tacos and Tamales restaurant as a sole proprietor through February 2016, at which point the business was converted to an LLC. (Ex. 1 to Pl. Reply Brief, Deposition of Julissa Leyva, p. 13-19:2; Leyva Declaration, Dkt. No. 37-2, p. 2:23-24; Defense Exhibit "C", Dkt. No. 37-2, p. 37). However, Defendant remains connected to the LLC as the manager. (Ex. 1 to Pl. Reply Brief, Deposition

of Julissa Leyva, p. 18:25-19:2). Thus, as the manager of the LLC, Defendant continues to retain control over the restaurant in a position of authority. The restaurant is a place of public accommodation. Therefore, Defendant is an operator of a place of public accommodation and a responsible party under Title III.

### III.   DEFENDANT REMAINS LIABLE FOR DAMAGES

Even if the Court finds that Defendant is not a proper party for further injunctive relief, the shift in ownership does not absolve Defendant of liability for damages under the Unruh Civil Rights Act. Defendant operated the business as a sole proprietor until February 2016. Plaintiff visited the property, and encountered the barriers, in February of 2015. Therefore, Defendant remains liable for the statutory penalty for Plaintiff's personal encounter of the barriers on the date of Plaintiff's visit.

### IV.   CONCLUSION

Plaintiff respectfully requests that the Court grant his motion for summary judgment as to both Defendants.

Dated: December 5, 2016          Center for Disability Access

By: /s/ Isabel Rose Masanque
Isabel Masanque
Attorneys for Plaintiff