UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-194 JGB (KKx) | Date | December 13, 2016 |
| Title | *Raul Uriarte-Limon v. Julissa L. Leyva et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     Order DENYING Plaintiff's Motion for Summary Judgment (Dkt. No. 32) (IN CHAMBERS)

    Before the Court is Plaintiff Raul Uriarte-Limon's Motion for Summary Judgment against Defendants Julissa L. Leyva and James Moffatt. ("Motion," Dkt. No. 32.) After consideration of the papers filed in support of and in opposition to the Motion, as well as the argument presented at the December 12, 2016 hearing, the Court DENIES Plaintiff's Motion for Summary Judgment.

## I.     INTRODUCTION

    On February 3, 2016 Raul Uriarte-Limon ("Plaintiff") filed a complaint against Julissa L. Leyva ("Leyva") alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act ("UCRA"). (Dkt. No. 1.) On May 18, 2016, Plaintiff filed his First Amended Complaint, adding James Moffatt ("Moffatt") as a co-defendant. (Dkt. No. 23.) In brief, the FAC alleges that when Plaintiff, a paraplegic, patronized the "Tamales & Tacos" restaurant in Rancho Cucamonga, he observed that the restaurant lacked accessible parking, and that its transaction counter and restroom structure did not comply with ADA regulations.[1] (FAC ¶¶ 13-22.)

---

[1] Plaintiff's Motion for Summary Judgment focuses only on the allegedly defective parking accommodations, however, and not on any alleged ADA violations inside the restaurant.

Plaintiff filed the instant motion for summary judgment on his claims against both Leyva and Moffatt on October 24, 2016. (Dkt. No. 32.) Moffatt opposed the motion on November 1, 2016 ("Moffatt Opp'n," Dkt. No. 34) and Leyva opposed the motion on November 11, 2016. ("Leyva Opp'n," Dkt. No. 37). Plaintiff responded to Moffatt's Opposition on November 7, 2016. ("Moffatt Reply," Dkt. No. 36.) Because Leyva's Opposition was untimely filed, the Court continued the hearing from November 16, 2016 to December 12, 2016 to provide Plaintiff an opportunity to respond to her Opposition. Plaintiff did so on December 5, 2016. ("Leyva Reply," Dkt. No. 42.)

The Court held a hearing on the motion on December 12, 2016.

## II.   LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate its entitlement to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983). The moving party bears the initial burden of identifying the elements of the claim or defense and presenting evidence that it believes demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. Id. at 325. Instead, the moving party's burden is met by pointing out an absence of evidence supporting the non-moving party's case. Id. The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256. The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252; see also William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial, 14:144. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson, 477 U.S. at 252). "The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." Id. at 387 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party. Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991); T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

### III.     FACTS

Plaintiff is a paraplegic who cannot walk and who uses a wheelchair for mobility. (Plaintiff's Statement of Undisputed Facts ("SUF") No. 1, Dkt. No. 32-2.) On February 5, 2015, Plaintiff went to the Tacos & Tamales restaurant (the "Restaurant"). (SUF No. 9.) The Restaurant is located at or about 8111-B Foothill Blvd., Rancho Cucamonga, California. (SUF No. 4.) When Plaintiff visited the Restaurant, there was no parking spot outside of the Restaurant that was marked or reserved for use by persons with disabilities. (SUF No. 10.) A designated accessible parking space has since been installed. (SUF No. 13.) However, this parking space is irregular in shape, measures only 35 inches at its narrowest point, does not have a tow-away sign, and its access aisle does not contain the words "NO PARKING." (SUF No. 15.) As well, the built-in curb ramp that extends into the access aisle has a slope of 5.7%. (SUF No. 16.)

The above facts are sufficiently supported by admissible evidence and are uncontroverted. They are thus "admitted to exist without controversy" for purposes of the Motion. See Fed. R. Civ. P. 56(e)(2); L.R. 56-3. However, the question of ownership or authority over the property is less straightforward. Plaintiff contends that "Defendant James Moffatt is the master leaseholder for the Restaurant and was in February 2015." (SUF No. 7.) In support of this contention, he submits only Leyva's response to his Request for Admission, in which Leyva states, "Defendant admits that her sublease agreement with James Moffatt, the master lease holder, states he is responsible for maintaining the parking lot." (Exhibit 11 at 5-6, Dkt. No. 32-14.) Moffatt, in turn, submits a declaration stating that he was never the owner of the property, and no longer has any lease on the property. (Declaration of James Moffatt ¶¶ 4, 5, Dkt. No. 34.) However, he concedes that he "at one time leased the property at 8111 Foothill Blvd, Rancho Cucamonga, CA ('Subject Property')" and that he "also sub-leased a portion of the Subject Property to the owner of a Tamales & Tacos Restaurant." (Moffatt Decl. ¶¶ 2, 3.) However, Plaintiff presented no evidence that Moffatt ever had control over the parking lot.[2]

Plaintiff also contends that Leyva was the owner of the Restaurant in February 2015—and still is today. (SUF No. 6.) In support of this contention, he cites to Leyva's responses to two of his Requests for Admissions. (Id.) In those responses, Leyva states: "Defendant only admits to being the owner of Tacos & Tamales restaurant located at 8111-B Foothill Blvd, Rancho Cucamonga, California." (Exhibit 11 at 3-4.) The Court notes that this document is dated July 7, 2016. (Id. at 6.) However, in her Opposition, Leyva submitted a declaration in which she states: "I cannot personally make any alterations to the parking lot since I am not the legal owner of the subject property. . . I have never held any ownership interest for the subject property." (Declaration of Julissa L. Leyva, Dkt. No. 37-2.) Moreover, she explains that "Tacos and Tamales Restaurant is owned by Tamales & Tacos, LLC, [a] limited liability company was

---

[2] At the December 12 hearing, Moffatt's counsel further represented that Moffatt's lease did *not* give him control over the parking lot.

formed on 02/23/16. Since the restaurant is not operated as a sole proprietorship, I am no longer the owner of the Restaurant." (Id.) In response, Plaintiff submits an excerpt of Leyva's deposition, in which she admits to being the manager of the LLC. (Leyva Reply, Exhibit 1 at 19.) She also acknowledges that she was the owner of the Restaurant from January 2013 through March 2016. (Id. at 13-14.) Accordingly, the Court accepts as uncontroverted that Leyva was the owner of the Restaurant in February 2015, when Plaintiff noted the parking violation in question, and that she is the manager of the Restaurant today.

## IV. DISCUSSION

Plaintiff seeks summary judgment on both his ADA and Unruh Act claims. The Court addresses each in turn.

### A. Plaintiff's ADA Claim

Title III of the ADA prohibits discrimination by places of public accommodations as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C.A. § 12182(a).

To prevail on a discrimination claim under Title III, a plaintiff must show that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). Additionally, since only injunctive relief is available under Title III, a plaintiff must show that the removal of architectural barriers is "readily achievable" by the covered entity. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 879–80 (9th Cir. 2004) (citing to 42 U.S.C. § 12181(9)(D)); see also Moore v. Cisneros, No. 1:12-CV-00188-LJO, 2012 WL 6523017, at *2 (E.D. Cal. Dec. 13, 2012) ("To succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable.") (internal marks and citations omitted).

Defendants do not dispute that Plaintiff is disabled. Neither do they dispute that the parking lot was not in compliance with ADA when Plaintiff visited in February 2015, or that it is

still not compliant today.[3]  However, the Defendants dispute that they have—or ever had—control over the parking lot at issue, and the Court notes that Plaintiff has not presented any evidence on this point.

      An individual may be personally liable for violations of the ADA only if he or she is the "operator" of a place of public accommodation where the discriminatory act occurred. Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 849 (9th Cir. 2004).  An operator is one who has the ability to facilitate any necessary accommodation. Id.  Moreover, the Ninth Circuit has explained that "a tenant's obligations as to ADA compliance are limited to those parts of the property that it controls" and that, absent a lease that explicitly gives a tenant control over the parking lot, "the landlord remains in full control of an entire property, as its owner." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1264-65 (9th Cir. 2015).

      With regard to Moffatt's ownership or control over the property, the *only* evidence on the record is Leyva's response to a Request for Admission that "her sublease agreement with James Moffatt, the master lease holder, states he is responsible for maintaining the parking lot." (Exhibit 11 at 5-6, Dkt. No. 32-14.)  This evidence is insufficient to put the issue beyond dispute: if Plaintiff sought to establish that Moffatt's lease gave him control over the parking lot, he should have introduced the lease itself.  Given the self-serving incentives in a co-defendant's apportionment of responsibility, the Court does not find Leyva's response to Plaintiff's RFA a sufficiently reliable basis on which to grant summary judgment against Moffatt.

      Furthermore, Plaintiff did not present *any* evidence indicating that Moffatt currently holds any ownership interest in the property.  In deciding Title III ADA claims, the Court "examines redressability in terms of whether any injunctive relief it might award would remedy discrimination against a disabled plaintiff in the area of public accommodations." Harris v. Stonecrest Care Auto Ctr., LLC, 472 F. Supp. 2d 1208, 1219 (S.D. Cal. 2007).  Here, Plaintiff may lack standing regarding his ADA claim against Moffatt because he has failed to demonstrate that a favorable decision regarding his claims against Moffatt is likely to redress his injuries.  The only remedy available to Plaintiff for his ADA claims is "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." See 42 U.S.C. § 12188(a)(2).  However, because it seems Moffatt no longer owns or controls the property at issue, the Court cannot order Moffatt to alter the property.  Because the Court is likely unable to grant an injunction requiring Moffatt to make the property at issue accessible, the Court finds that Plaintiff may lack standing to maintain his ADA claims against Moffatt. See Gonzales v.

---

[3] At the December 12, 2016 hearing, Leyva's counsel raised for the first time the argument that the parking spot is in fact in compliance with the ADA.  In support of this argument, he suggested that the property had passed an inspection that preceded the litigation.  However, he presented no evidence in support of this claim; nor did he contest that the parking spot measured only 35-inches at its narrowest point, thus falling short of the ADA regulations mandating that access aisles measure a minimum of 96-inches wide for van-accessible parking spaces.  Accordingly, the Court disregards this argument.

Gorsuch, 688 F.2d 1263 (9th Cir. 1982) ("[I]f the court is unable to grant the relief that relates to the harm, the plaintiff lacks standing.")

With regard to Leyva, Plaintiff has only presented evidence that Leyva was the business owner on the date he visited the Restaurant, and that she is the manager today.  However, again, he has not presented *any* evidence—whether in the form of a lease agreement, deposition testimony, or otherwise—that would indicate that her ownership or management of the Restaurant extended to control over the parking lot.  And, in fact, Leyva's declaration explains that she has no control over the parking lot under her agreement with the master lease holder— who, according to the lease agreement that she submitted with her declaration, appears to be an individual by the name of Gabrielle Sanchez. (Leyva Decl. at 2, Ex. A.)  Moreover, the sublease agreement states that Leyva—or rather, Tamales & Tacos, LLC—is leasing only "8111 Foothill Blvd., Ste B, Rancho Cucamonga." (Id.)  This does not indicate that the parking lot is included in the lease.  Rather, as Leyva's declaration suggests, the Restaurant is only one unit in a larger commercial center. (See Leyva Decl. at 2 (indicating that another restaurant shares the parking lot).)

In light of the above, the Court finds that Plaintiff has not met his burden in establishing that there is no genuine issue as to Leyva or Moffatt's control over the parking lot.  Accordingly, the Court DENIES Plaintiff's motion as to his ADA claim.

### B.   Plaintiff's Unruh Act claim

In the disability context, California's Unruh Civil Rights Act operates virtually identically to the ADA.[4]  Langer v. McHale, No. 13CV2721-CAB-NLS, 2014 WL 5422973, at *3 (S.D. Cal. Oct. 20, 2014), appeal dismissed (Sept. 1, 2015).  In order to succeed on his UCRA claim, Plaintiff must establish the following:

1. Plaintiff is disabled, 42 U.S.C. § 12182(a);
2. Defendant's facility is a place of "public accommodation" governed by Title III of the ADA, id.;
3. Defendant is the owner, operator, lessor, or lessee of the facility, id.;
4. Defendant's facility contains an architectural barrier to accessibility, 42 U.S.C. § 12182(b)(2)(A)(iv);

---

[4] While the Unruh Act usually requires a showing of intentional discrimination, this requirement does not apply where an Unruh Act claim is premised on a violation of the ADA.  See Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("[N]o showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation.")

5. Removal of that architectural barrier is readily achievable, id.; and

6. Plaintiff actually encountered that barrier, resulting in difficulty, frustration, or embarrassment, Cal. Civ. Code § 55.56(c).

For the reasons discussed above, Plaintiff has failed to show the third element for purposes of summary judgment: he has not established beyond dispute that Moffatt or Leyva are the owners, operators, lessors, or lessees of the parking lot. Accordingly, the Court DENIES Plaintiff's motion as to his Unruh Act claim.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED in its entirety. Plaintiff shall proceed to trial on January 24, 2017 on his ADA and Unruh Act claims.

IT IS SO ORDERED.